BURLEW *et al.*, executors, V. HUBBELL.

*Evidence — practice — setting aside verdict.*

Defendant being pressed for money applied to plaintiff's testator for a loan, which was promised if defendant would give a note signed by himself and one F. Afterward another person brought to testator a note signed with the names of F. and the defendant and received the money thereon. In an action upon such note defendant denied the execution thereof.

*Held,* that evidence showing that defendant about the time he applied for the loan procured from another source the amount he desired to borrow, was admissible to rebut the presumption arising from the circumstance that he was pressed for money.

*Held,* also, that the special term was justified in setting aside a verdict in favor of plaintiff and granting a new trial, such verdict being against the preponderance of evidence, and there being reason to believe that the jury had been misled by prejudice or had labored under a misapprehension as to the facts.

APPEAL from order of special term granting a new trial.

This action is brought to recover upon a promissory note, alleged to have been made by the defendant and one William Fisk, dated April 4, 1867, payable one year after date, for $250.

The defendant by his answer denies the complaint. The cause was tried at the Tompkins circuit in January, 1869, and resulted in a verdict for the plaintiff for $281.57.

The defendant had loaned to one Bement $300 to pay his commutation on being drafted into the army. Bement had paid $200 of this amount, and the defendant, being desirous of paying some interest which he owed, pressed Bement for payment of the balance, $100, and he and Bement saw the plaintiffs' testator for the purpose of loaning $250 on a note, $100 of which was to be paid to the defendant and the balance to Bement. Burlew agreed to let defendant have the money, provided he would give him the defendant's note, signed by one Dr. Fish, as surety. Bement was to pay the note when it became due. This was on the 3d of April, 1867. The defendant was unable to procure the required security, and he testifies that he abandoned the idea of obtaining the money of Burlew, and denies that he authorized any one to do so, or had any thing to do with it, and swears that he obtained the money he desired of one Spaulding.

A person calling himself Millen or Murrin called at Burlew's house on the evening of April 4th, delivered the note in question and received the $250. There was testimony to show that this man was Bement, but Bement testified that he was not the person. It was proved by Fish, whose name was signed to the note, that the signature of his name was a forgery.

Objection was made to certain testimony offered, which was excluded, and the defendant duly excepted.

A motion was made for a new trial upon a case at an adjourned special term, held by and before Hon. D. BOARDMAN, in February last, which motion was granted on payment of all costs subsequent of notice of trial, including the costs of motion for new trial. The plaintiffs appealed from the order of the special term to the general term of the supreme court.

*Geo. D. Beers*, for appellants.

*John J. Van Allen*, for respondent.

MILLER, P. J. I think that the court erred upon the trial in excluding the evidence offered by the defendant, to show by the witness Spaulding, who had testified that on the first of May, 1867, he had loaned the defendant one hundred dollars, and he wanted two hundred; that shortly after the first of May he loaned the defendant one hundred dollars more, making in the aggregate the entire amount which he desired to borrow.

The object of the evidence was to prove that the defendant had obtained the money which he desired from another party and thus establish that it was improbable that he had procured it upon the note in question.

The testimony shows that the defendant originally designed to raise two hundred and fifty dollars for the purpose of paying interest money upon a mortgage on his farm. The defendant denied the execution of the note, and that he received the money upon the same from any one, and there was no proof that he ever did receive it. To rebut any presumption arising from the circumstance that the defendant required money to meet his interest, it was competent to prove that he had received the money, or a portion thereof, from another and a different source, and borrowed it of the witness.

He had proved already, without objection, that the witness had

loaned him one hundred dollars, and if this was proper it was equally so to establish that he had procured another one hundred dollars from the same or any other party. By such evidence he made out that he was almost entirely provided with money to meet his interest, and therefore was under no necessity of borrowing it upon the note in question. In fact, that he had no use for the money.

In a case like the one at bar, circumstances of this kind not only repel inferences to be drawn from some of the facts presented, but often tend to explain motives and throw light upon the questions in controversy. The evidence offered should have been allowed to go to the jury for what it really was worth, and its exclusion was erroneous.

I am also of the opinion that the judge at special term was right in granting a new trial, for the reasons: 1st. That the verdict was against the preponderance of evidence; and, 2d. That there was reason to apprehend that the jury had been misled by prejudice, or labored under misapprehension as to the facts. It is the duty of the court " to set aside a verdict which is clearly against the weight of the evidence." *Smith* v. *The Ætna Life Ins. Co.*, 49 N. Y. 211. PECKHAM, J., says in the case cited, " Justice would be promoted if the supreme court should more frequently exercise its unquestioned right of reviewing verdicts upon the facts."

The evidence tending to show that the signature to the note was in defendant's handwriting was very slight, and all of the plaintiffs' witnesses on that subject had but little, if any, acquaintance with the defendant's handwriting. On the other hand, the defendant swears that he never executed or authorized any other person to sign the note, and the proof shows that he had nothing to do with obtaining the money ; that he never had the note, had no knowledge who did obtain it, and, as hereinbefore stated, that he obtained some money from another party for the purpose of meeting the payment which he desired.

The town clerk, county treasurer, supervisor of the town, and two other witnesses who had seen the defendant write and were well acquainted with his signature, all swear positively that the signature to the note is not in the handwriting of the defendant. The person, Mr. Fish, whose name was signed to the note, also testifies that his signature is forged and it is so conceded.

It is true that two witnesses of the plaintiff testify that Bement,

who went with the defendant for the purpose of obtaining the loan of the testator, or some one answering his description, who gave another and a different name, delivered the note and received the money, thus contradicting Bement's positive evidence that he had nothing to do with the matter, but this, without connecting the defendant in some way with the delivery of the note, which is conceded to have had one forged name attached to it, is not strong enough to be entirely controlling. It at most creates a suspicion, but should not be allowed to overcome the strong, positive and direct testimony which establishes that the note was not in the defendant's handwriting, and that he had nothing whatever to do with its making, delivery, or the fruits which were realized from it.

There are some other strong circumstances bearing on the case, which tend in the same direction, and there is quite enough shown, I think, to authorize a judge, in the exercise of a sound discretion, to say that a new trial should be granted. Unless we can see that this discretion has not been judiciously and properly exercised, or that it has been abused, or hold that where there is the least conflict of testimony, this court will not interfere, I think that the order of the special term must stand.

I am not prepared to go to any such extent, and upon the facts, as well as upon the ground that evidence was improperly excluded, am in favor of affirming the order with costs of appeal.

PARKER, J. I concur in the result, upon the ground that error occurred upon the trial in the exclusion of evidence.

Also, because there is such preponderance of evidence in favor of the defendant as brings this case within the exception from the general rule, that where there is conflict in the evidence upon a fact, the court will not overrule the finding of the jury. Here the evidence for the plaintiff is so slight, and so strong for the defendant, "as to show passion, prejudice or inattention to their duty," on the part of the jury, which brings the case within the well-recognized exception to the general rule above referred to. *Cothran* v. *Collins*, 29 How. 155–170.

*Order affirmed.*